IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

BRUCE ERBERT-LEE JACKSON,

    Petitioner,

v.

MICHAEL THOMAS,

    Respondent.

CIVIL ACTION NO.: 2:25-cv-62

### REPORT AND RECOMMENDATION

Petitioner Bruce Jackson ("Jackson") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus to attack his conviction and sentence obtained in Appling County, Georgia. Docs. 1, 6. Respondent filed an Answer-Response and a copy of the state court proceedings transcript. Docs. 16, 17. Jackson has also filed a Motion to Set Aside Judgment, a Motion for Summary Judgment, a Motion for Arrest of Judgment, and a Motion for Entry of Default. Docs. 7, 13, 14, 19. Respondent has responded to Jackson's Motion for Summary Judgment and Motion for Entry of Default. Docs. 18, 20. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Jackson's Petition, **DENY as moot** Jackson's Motions, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Jackson *in forma pauperis* status on appeal.

### BACKGROUND

An Appling County grand jury indicted Jackson on two counts of obstruction of an officer. Doc. 17-1. The Appling County Superior Court conducted a jury trial based on these charges, and the jury found Jackson, who represented himself, guilty on both counts. Doc. 17-2

at 1.  The court sentenced Jackson to a total term of 10 years in prison, with 5 years to serve and the remaining 5 years on supervised release.  Id.  Jackson filed a motion for new trial and alleged the trial court erred by: (1) excluding documents filed in the case; (2) denying Jackson's nationality status without due process of law; (3) refusing to allow Jackson's motions and other papers to be read into the record and presented to the jury; (4) denying Jackson time to subpoena witnesses after the District Attorney did not use the witnesses at trial; and (5) failing to inform Jackson of the court's jurisdiction.  Doc. 17-2 at 1–2.  Jackson also alleged that there was irregularity in the proceedings and juror misconduct.  Id. at 2.  The Appling County court dismissed Jackson's motion as untimely under Georgia law.  Doc. 17-4.  Jackson did not file a direct appeal or a state habeas corpus application.  Doc. 1 at 2; Doc. 16-1 at 1.  Instead, Jackson filed this § 2254 Petition.

## DISCUSSION

**I.     Jackson Has Procedurally Defaulted His Claims**

In his Petition, Jackson sets forth what appear to be sovereign citizen-type claims. Doc. 1.  He alleges that he is the first lienholder of the Fourteenth Amendment, the Court is to take notice of his status/nationality as a Moorish-American national, and he did not consent to him or his property being a citizen of the United States under the Fourteenth Amendment.  Id. at 6–8.  Jackson also states the Department of Homeland Security, in response to an inquiry regarding his citizenship status, informed Jackson that there were no records responsive to his request.  Id. at 10.  Jackson notes he did not raise his claims on direct appeal because he faced a time bar.  E.g., id.

Respondent contends that Jackson failed to timely raise his claims in Georgia state courts on direct appeal or at the trial court level.  Doc. 16-1 at 6.  Thus, Respondent states that

Jackson's claims are procedurally defaulted under Georgia law, specifically O.C.G.A. § 9-14-48(d).  Additionally, Respondent asserts this Court should decline to review the relative merits of Jackson's claims because he cannot show cause and prejudice to overcome his procedural default.  Id.

Before bringing a § 2254 habeas petition in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. §§ 2254(b), (c).  When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court[,]" Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004) (internal citation and punctuation omitted), or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim.  See Rhines v. Weber, 544 U.S. 269, 277–79 (2005). "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Kelley, 377 F.3d at 1351 (punctuation in original).  The unexhausted claims should be treated as if procedurally defaulted.  A petition is "due to be denied with prejudice [if] there are no state remedies left to exhaust and all of the claims are either meritless or procedurally defaulted[.]" Chambers v. Thompson, 150 F.3d 1324, 1326 (11th Cir. 1998).

The Georgia state procedural default rule is found at O.C.G.A. § 9-14-48(d), which provides:

> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied

> with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted. In all cases habeas corpus relief shall be granted to avoid a miscarriage of justice.

O.C.G.A. § 9-14-48(d). "A federal court may consider the merits of a procedurally defaulted claim only if the petitioner can show both 'cause' for the default and 'prejudice' from a violation of his constitutional right." Hittson v. GDCP Warden, 759 F.3d 1210, 1260 (11th Cir. 2014) (quoting Wainwright v. Sykes, 433 U.S. 72, 84–85 (1977)). To establish cause, a petitioner must ordinarily "demonstrate 'some objective factor external to the defense' that impeded his effort to raise the claim properly in state court." Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

As noted, Jackson did not raise the claims he raises in his § 2254 Petition on direct appeal or in state habeas proceeding. Jackson served as his own counsel during the trial of his case and did not obtain counsel when he moved for a new trial. Docs. 1, 16-1. Jackson's motion for new trial was not timely filed. Doc. 16-4. Accordingly, Jackson has procedurally defaulted all the claims he makes in his Petition under Georgia law. Jackson fails to make even the most basic showing for cause or prejudice to excuse the procedural default of his claims. Instead, Jackson states his claims are time barred in state courts. Doc. 1 at 10. Because Jackson fails to show cause or prejudice to overcome his procedural default, this Court should dismiss his Petition.

## II. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Jackson leave to appeal *in forma pauperis* and a Certificate of Appealability. Though Jackson has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Based on Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of

appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement

to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Jackson's Petition and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Jackson *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Jackson's Petition, doc. 1, **DENY as moot** Jackson's Motions, docs. 7, 13, 14, 19, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Jackson *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to

challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 26th day of January, 2026.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA